UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEREMY SPARACINO and RONNIE SPATE, on behalf of THEMSELVES and All Others Similarly Situated, PLAINTIFFS

v. CIVIL ACTION NO. 3:14-CV-298-JHM-CHL

SHEPHERD COMMUNICATIONS, INC., TIME WARNER CABLE MIDWEST, LLC, INSIGHT COMMUNICATIONS COMPANY, L.P., and ERIC SHEPHERD, DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Motion to Stay Litigation and Toll Claims (the "Joint Motion") (DN 111). The parties have proposed that the Court enter an agreed order (the "Proposed Order") (DN 111-1) staying the action and tolling the applicable statutes of limitations. For the following reasons, the Joint Motion is **SUSTAINED IN PART** and **OVERRULED IN PART**.

**Background**

The Joint Motion has two components. First, the parties seek a stay of the litigation from the date of filing the Joint Motion, February 2, 2015, until April 20, 2015. The purpose of the proposed stay is "to provide adequate time for the parties to engage in limited discovery and to mediate this matter on April 13, 2015[.]" (DN 111, p. 1.) The parties agree that, should a stay be imposed, any party may move to lift or prolong the stay depending on the status of settlement discussions.

Second, the parties have moved the Court for an order tolling the applicable statutes of limitations for the same period of time that the matter is stayed. The parties ask that the statutes

of limitations be tolled with respect to all claims asserted by "Plaintiffs and potential opt-in Plaintiffs," as well as "claims asserted in this lawsuit by former plaintiffs and opt-in plaintiffs whom this Court previously compelled to arbitration." (DN 111, pp. 1-2.)

The Proposed Order consists of five parts:

1. The action would be stayed until April 20, 2015. At the conclusion of the stay, the parties would be required to notify the Court as to the status of the litigation and propose a schedule as to how the matter should proceed, including a deadline for the defendants to respond to the Second Amended Complaint (DN 108);[1]

2. During the period in which the case is stayed, if any party were to conclude that settlement negotiations were no longer productive, the party would be permitted to move the Court to lift the stay and schedule a case management conference;

3. During the period in which the case is stayed, if the parties believe additional time will facilitate settlement, then the parties would be permitted to jointly move for an extension of the stay;

4. The statute of limitations on all claims of all plaintiffs and potential plaintiffs who elect to opt into the class would be tolled during the same period that the matter is stayed; and

5. The statute of limitations on all claims of former plaintiffs whom the Court previously compelled to arbitration would also be tolled during the same period that the matter is stayed.

(*See* DN 111-1, pp. 1-2.)

**Discussion**

The components of the Proposed Order can be divided into two categories. As enumerated in the Proposed Order and restated above, Items 1, 2, and 3 relate to the proposed stay, and Items 4 and 5 relate to the proposed tolling of the statutes of limitations.

---

[1] On February 7, 2015, Defendants Insight Communications Company, L.P. and Time Warner Cable Midwest LLC filed an answer to the Second Amended Complaint (DN 112). On February 10, 2015, the Plaintiffs and Defendants Shepherd Communications, Inc. and Eric Shepherd filed a joint motion for an extension of time to file an answer to the Second Amended Complaint (DN 113). On February 11, 2015, the Court sustained that motion (DN 114).

**A. The Proposed Stay of the Action**

"There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Dick v. Sprint Communs. Co. L.P.*, 297 F.R.D. 283, 297 (W.D. Ky. 2014) (citations omitted). The parties propose that the action be stayed until April 20, 2015 so that they may "explore the possibility of settlement and engage in mediation . . . ." (DN 111-1, p. 1.) The parties have informed the Court that they have engaged a mediator and set a date for mediation. (DN 111, p. 1.) The proposed length of the stay, from the date of filing the Joint Motion, February 2, 2015, until April 20, 2015, is reasonable. As set forth in Items 2 and 3 above, the length of the stay could be shortened or extended based on the productiveness of settlement negotiations. The parties have demonstrated a desire to reach a settlement agreement and to do so efficiently.

For these reasons, the Joint Motion is sustained with respect to the proposed stay. The action shall be stayed from February 2, 2015 until April 20, 2015, pending any request by a party or parties to lift or lengthen the stay.

**B. The Proposed Tolling of the Statutes of Limitations**

The parties propose that the Court enter an order equitably tolling the applicable statutes of limitations for the length of the stay. The Court appreciates the efforts of the parties to preserve all potential claims on which the statutes of limitations may run during the stay. However, the Joint Motion cannot be sustained with respect to the request for equitable tolling.

Plaintiffs have asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Kentucky Wage Statutes ("KWS"), KY. REV. STAT. §§ 337.010, *et seq*., the

Kentucky workers' compensation laws, KY. REV. STAT. §§ 342.0011, *et seq*., and the Kentucky common law of unjust enrichment.

**1. The Fair Labor Standards Act**

The FLSA contains a two-year statute of limitations. 29 U.S.C. § 255(a). If the violation is willful, a three-year statute of limitations applies. *Id*. Whether a violation is willful is a factual determination to be made at trial. *Bassett v. TVA*, 2013 U.S. Dist. LEXIS 83203, *3 (W.D. Ky. 2013). "In order to analyze the full scope of the Plaintiffs' potential claims, the Court assumes, but does not expressly find, that the three-year period applies for purposes of this opinion." *Id*. In a collective action pursuant to the FLSA such as this case, for purposes of the statute of limitations, each plaintiff's action commences as of the date on which he or she files a written consent to opt into the action.[2] *Id*. at *3-4 (citations omitted); 29 U.S.C. § 256. With each violation of the FLSA, a new cause of action arises. *In re Amazon.com, Inc.*, 2014 U.S. Dist. LEXIS 100716, *17 (W.D. Ky. 2014) (citing *Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002)). "[E]ach failure to pay overtime [or other type of FLSA violation] begins a new statute of limitations period as to that particular event." *Bassett*, 2013 U.S. Dist. LEXIS at *12 (quoting *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994)) (additional citations omitted).

"The FLSA statutory structure creates inherent hurdles for opt-in plaintiffs because the

---

[2] A collective or class action under the FLSA shall be considered to be commenced in the case of any individual claimant –

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256(a), (b).

statute of limitations continues to run for those who haven't yet filed their consent." *In re Amazon.com*, 2014 U.S. Dist. LEXIS at *16-17. Plaintiff Jeremy Sparacino ("Sparacino"), who was designated a named plaintiff in the Second Amended Complaint (DN 108), filed his notice to opt-in on August 14, 2014. (DN 81-1, p. 3.) Assuming, but not deciding, that the three-year statute of limitations applies, Sparacino can recover for any FLSA violation that occurred after August 14, 2011. However, a number of current plaintiffs opted in sometime after Sparacino. For example, Terry Purnell ("Purnell") filed a notice of consent as recently as January 20, 2015 (DN 106-1). Again, assuming that the three-year statute of limitations applies, Purnell can only recover for violations that occurred after January 20, 2012. Without delving into the opt-in dates and periods of employment of any existing or potential opt-in plaintiffs, it suffices to say that whether or not the action is equitably tolled during the period requested by the parties may affect the viability of some causes of action.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Patterson v. Lafler*, 455 F. App'x 606, 608-09 n.1 (6th Cir. 2012) (recognizing that the two-factor *Pace* test replaces the five-factor test developed in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988) and used historically by the Sixth Circuit to address equitable tolling). "In conjunction with the *Pace* test, the Court still recognizes that equitable tolling should be granted 'but sparingly, and only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Bassett*, 2013 U.S. Dist. LEXIS at *11 (quoting *Patterson*, 455 F. App'x at 608-09 n.1) (internal quotation omitted).

As the parties jointly seek equitable tolling, the Court can surmise that the parties believe equitable tolling will encourage settlement and lessen concerns about forfeiting the chance to assert certain claims due to settlement discussions. The Court is sympathetic to this concern. However, the Plaintiffs have the burden of establishing that both factors of the *Pace* test are satisfied, and they have failed to meet that burden here.

Whether a plaintiff is entitled to equitable tolling is a fact-specific determination and made on a case-by-case basis. *In re Amazon.com*, 2014 U.S. Dist. LEXIS at *18 (citations omitted). With respect to the first *Pace* factor, whether the Plaintiffs have pursued their rights diligently, each of the current Plaintiffs filed a notice of consent to the action and is currently pursuing his or her claims, either in this Court or in arbitration. While the act of filing or opting into the lawsuit does demonstrate an effort to pursue one's rights, the Court is not prepared to conclude that such an act is alone sufficient to satisfy the first *Pace* factor, which requires a finding that a Plaintiff "has been pursuing his rights diligently." Even if the Court were to conclude that the current Plaintiffs had diligently pursued their rights, the Plaintiffs have a burden to satisfy both factors of the *Pace* test.

As to the second *Pace* factor, there has been no briefing on the issue of whether "extraordinary circumstances" stood in the way of the current Plaintiffs pursing their claims. "What constitutes an extraordinary or exceptional circumstance sufficient to justify equitable tolling is a matter of debate" and can differ based upon the type of claim asserted. *Bassett*, 2013 U.S. Dist. LEXIS at *14. In the context of FLSA claims, mere withholding by a defendant of contact information of potential plaintiffs has been held to be insufficient to justify equitable tolling, whereas inducement or trickery by the defendant that led plaintiffs to miss a filing

deadline has been held to constitute an exceptional circumstance. *See id.* at *14-15 (citations omitted).

As noted above, our courts encourage settlement, particularly in complex litigation and class actions. However, the parties have failed to demonstrate that the circumstances of this case are appropriate for equitable tolling. The *Pace* test shows that equitable tolling is only proper where significant barriers have stood in the way of plaintiffs advancing their claims. Here, the parties seek equitable tolling for a specified period of time in order to explore the possibility of settlement. The Plaintiffs do not allege that any deception or wrongdoing on the part of the Defendants caused them to delay in asserting claims under the FLSA. On the contrary, the parties jointly request equitable tolling. Accordingly, the current Plaintiffs simply have not met their burden of satisfying either of the *Pace* factors.

The Court notes specifically that it must reject the Joint Motion as it relates to equitable tolling of FLSA claims of putative opt-in plaintiffs.[3] The reasoning applied by Senior Judge Heyburn in *In re Amazon.com* is on point. "It appears premature to grant blanket equitable tolling for plaintiffs who are currently hypothetical and have not yet come before this court." *In re Amazon.com*, 2014 U.S. Dist. LEXIS at *21. While some district courts within the Sixth Circuit have previously granted equitable tolling to unknown opt-in plaintiffs, in many of those cases, unlike here, the courts had already granted conditional certification and the motion for certification had been pending for a significant period of time. *See id*. at *20-21 (citing *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 844, 848-49 (S.D. Ohio 2013)).

---

[3] With respect to tolling the statutes of limitations, the Joint Motion and the Proposed Order appear to include different categories of persons. The Joint Motion appears to include four categories of persons: "[1] "Plaintiffs and [2] potential opt-in Plaintiffs," as well as [3] "former plaintiffs and [4] opt-in plaintiffs whom this Court previously compelled to arbitration" (DN 111, p. 1). The Proposed Order appears to include the first three categories of persons but not the final category: "all claims of all [1] Plaintiffs and [2] potential plaintiffs who elect to opt into the class" as well as "[3] all claims of all former plaintiffs whom this Court previously compelled to arbitration" (DN 111-1, p. 2). For purposes of this Memorandum Opinion and Order, the Court addresses all four categories of persons mentioned in the Joint Motion.

While the Court acknowledges the hypothetical existence of opt-in plaintiffs who are not aware of this action, the point remains that the *Pace* test places a burden on the Plaintiffs to demonstrate that both factors are met. The Court "cannot pre-emptively determine whether each plaintiff has diligently pursued his or her claims." *Id*. at *22. Here, the Plaintiffs have not shown *either* that putative opt-in plaintiffs have worked diligently to pursue their claims *or* that some extraordinary circumstance has prevented them from doing so. Refusing to grant blanket tolling at this stage "allows a more fact intensive inquiry and avoids presumptively siding with potential plaintiffs who are not yet parties to this case." *Id*. at *23.

For these reasons, the Joint Motion is overruled with respect to equitable tolling of the FLSA claims of all Plaintiffs.

**2. Kentucky Statutory Claims**

The Plaintiffs' Kentucky statutory claims are subject to a five-year statute of limitations. *See* KY. REV. STAT. §§ 337.285, 337.385, 413.120 (regarding the KWS and workers' compensation statutory schemes); *Ivey v. McCreary Cnty. Fiscal Court*, 939 F. Supp. 2d 762, 769 (E.D. Ky. 2013) (recognizing that five-year statute of limitations found in KY. REV. STAT. § 413.120(2) applies to KWS violations because KWS does not specify a separate statute of limitations).

As with FLSA claims, the statute of limitations applicable to KWS and Kentucky workers' compensation claims "effectively cuts off claims for overtime pay which are more than five years removed from the filing date of the plaintiffs' wage and hour claims." *Com. v. Hasken*, 265 S.W.3d 215, 226 (Ky. Ct. App. 2007), *superseded, in part, by statute*, KY. REV. STAT. § 95A.250 (2009), *as recognized in Madison Cnty. Fiscal Court v. Ky. Labor Cabinet*, 352

S.W.3d 572, 577 (Ky. 2011) (recognizing that 2009 amendment of KY. REV. STAT. § 95A.250 restored the pre-*Hasken* method of calculating firefighters' overtime pay).

"KRS 413.190[] explains the law in Kentucky with respect to equitable tolling." *Hasken*, 265 S.W.3d at 226. The statute provides as follows:

> (1) If, at the time any cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, he is absent from it, the period limited for the commencement of the action against him shall be computed from the time of his return to this state.
>
> (2) When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

KY. REV. STAT. § 413.190(1), (2).

Section 413.190 of the Kentucky Revised Statutes applies where the defendant is a resident of the Commonwealth of Kentucky. The statute does not apply to nonresidents of Kentucky. *See Skaggs v. Fyffe*, 299 Ky. 751, 753 (Ky. 1945) ("The rule is well established that the provisions of KRS 413.190 do not apply to nonresident[s.]"). "'The limitation statutes do not stop running as to a resident's cause of action against a nonresident who is such when it accrues.'" *Id*. at 753-54 (quoting *Daly v. Power*, 59 S.W.2d 10, 59 (Ky. 1933)). Defendant Time Warner Cable Midwest LLC ("Time Warner") and Defendant Insight Communications Company, L.P. ("Insight") are Delaware entities with their principal places of business in New York, and as such are not residents of the Commonwealth of Kentucky. (*See* DN 112, ¶¶ 14, 19.) Therefore, Section 413.190 of the Kentucky Revised Statutes does not operate to toll the statute of limitations applicable to the Plaintiffs' Kentucky statutory claims against Time Warner

or Insight. The Court is not aware of any other authority that would act to effect tolling. In the absence of such authority, the statutes of limitations must continue to run during the period of the stay as to the causes of action of all Plaintiffs, known and unknown, those in this action and those compelled to arbitration, against Time Warner and Insight.

The statutes of limitations applicable to the remaining defendants, Shepherd Communications, Inc. ("Shepherd Communications") and Eric Shepherd ("Eric"), are likewise not tolled by operation of controlling authority. The Plaintiffs have alleged that Shepherd Communications and Eric are residents of the Commonwealth of Kentucky. (DN 108, ¶¶ 10, 24.) As noted above, the Court has granted to Shepherd Communications and Eric an extension of time in which to file an answer to the Second Amended Complaint, in which they will admit or deny the allegation that they are residents of Kentucky. If they are not Kentucky residents, the rule set forth above with respect to Time Warner and Insight will apply, and the statutes of limitations as to the Plaintiffs' Kentucky statutory claims cannot be tolled.

The Court need not wait for an admission by Shepherd Communications and Eric that they are Kentucky residents to decide whether the statutes of limitations should be tolled as to the Plaintiffs' Kentucky statutory claims against them. As stated above, if they *are not* Kentucky residents, the statutes of limitations cannot be tolled. If they *are* Kentucky residents, then KY. REV. STAT. § 413.190(2) applies, as the Plaintiffs do not allege that their causes of action accrued at a time when the Defendants were absent from Kentucky. In pertinent part, Section 413.190(2) provides that equitable tolling may be employed where "a cause of action . . . accrues against a resident of this state, and he by absconding or concealing himself or by *any other indirect means* obstructs the prosecution of the action . . . ." KY. REV. STAT. § 413.190(2) (emphasis added). "'[A]ny other indirect means' has been interpreted to mean some affirmative act or conduct

which misleads or deceives the plaintiff and obstructs or prevents him from instituting a suit during a period of time in which he may lawfully do so." *Hasken*, 265 S.W.3d at 226 (citing *Adams v. Ison*, 249 S.W.2d 791, 793 (Ky. 1952)). "Kentucky courts construing the statute have consistently held that a defendant must engage in 'some act or conduct which in point of fact misleads or deceives [the] plaintiff and obstructs or prevents [him or her] from instituting [him or her her] suit while [he or she] may do so.'" *Shelburne v. Clemons*, 2014 U.S. Dist. LEXIS 11211, *8 (W.D. Ky. 2014) (quoting *Dishman v. Corr. Corp. Am.*, 2010 U.S. Dist. LEXIS 86169, *2 (E.D. Ky. 2010)) (internal quotations omitted).

Here, the Plaintiffs have not alleged that Shepherd Communications or Eric engaged in any conduct that obstructed them in instituting the lawsuit at an earlier date. Nor have they alleged that the statute of limitations has run, preventing them from asserting any of their claims.

For these reasons, the Court will not equitably toll the Plaintiffs' Kentucky statutory claims against any Defendants.

**3. Kentucky Common Law Claim**

Kentucky common law unjust enrichment claims are subject to the five-year limitations period for implied contracts. *See* KY. REV. STAT. § 413.120; *Thompson v. Ky. Fried Chicken Corp.*, 1993 U.S. Dist. LEXIS 21761, *8 (W.D. Ky. 1993). There appear to be no reported decisions on the applicable standard for equitable tolling of an unjust enrichment claim under Kentucky law. However, in a number of situations, Kentucky courts have applied a standard substantially identical to that found in KY. REV. STAT. § 413.190. *See, e.g., Gailor v. Alsabi*, 990 S.W.2d 597, 603 (Ky. 1999) (stating, in context of insurance coverage dispute, that "there must be 'some act or conduct which in point of fact misleads or deceives the plaintiff and obstructs or prevents him from instituting his suit while he may do so'") (quoting *Munday v. Mayfair*

*Diagnostic Laboratory*, 831 S.W.2d 912, 914 (Ky. 1992)); *see also Whittenberg Constr. Co. v. Univ. of Ky.*, 2007 Ky. App. Unpub. LEXIS 310, *11-12 (Ky. Ct. App. 2007) (unpublished) (refusing, in context of construction contract dispute, to toll statute of limitations or to hold defendant was estopped from relying on statute of limitations).[4] As discussed above, the Plaintiffs have not suggested that any of the Defendants took any action that obstructed the timing of the filing of the lawsuit. Therefore, there is no basis under Kentucky law to equitably toll the unjust enrichment claim.

Based on the foregoing, the Court finds an insufficient basis for the parties' request that the statutes of limitations applicable to the Plaintiffs' state law claims be equitably tolled for the period of the stay.

**Conclusion**

Equitable tolling should be granted sparingly and is not appropriate in this case. However, the impact of the instant order on the litigation may be minor. The length of the stay is relatively short; were the Joint Motion granted in full, the statutes of limitations would be tolled for less than three months. Moreover, "[t]o deny equitable tolling now certainly does not preclude some form of it later. Plaintiffs or groups of them may well [later] establish their diligence and demonstrate that they qualify as an instance of 'extraordinary circumstances.'" *In re Amazon.com*, 2014 U.S. Dist. LEXIS at *23.

Being otherwise sufficiently advised;

IT IS HEREBY ORDERED that the Joint Motion to Stay Litigation and Toll Claims (DN 111) is SUSTAINED IN PART and OVERRULED IN PART. The litigation is STAYED from

---

4 *Gailor* and *Whittenberg Construction* are also notable in that they involved plaintiffs seeking estoppel or retroactive tolling of applicable statutes of limitations for the periods in which the parties were engaged in settlement discussions. In both cases, the courts rejected their requests. *See Gailor*, 990 S.W.2d at 603 ("Mere negotiations looking toward amicable settlement do not afford a basis for estoppel to plead limitations.") (citations omitted); *Whittenberg Constr.*, 2007 Ky. App. Unpub. LEXIS at *12 (same).

the date of filing of the Joint Motion, February 2, 2015, until April 20, 2015. During the period of time that the stay is in effect, the parties are free to move the Court to lift or extend the stay. The Court OVERRULES the parties' request that it equitably toll the statutes of limitations applicable to the claims in this action.

February 11, 2015

**Colin Lindsay, MagistrateJudge**
**United States District Court**

Cc: Counsel of Record