UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:14-CV-298-JHM-CHL

**JEREMY SPARACINO and RONNIE**                                   **Plaintiffs,**
**SPATE, on behalf of THEMSELVES and**
**All Others Similarly Situated,**

v.

**INSIGHT COMMUNICATIONS COMPANY, L.P., et al.,**          **Defendants.**

### MEMORNADUM OPINION AND ORDER

This matter is before the Court on such portion of Plaintiffs' Unopposed Motion for Procedural Relief ("Motion") (DN 161) as remains pending.  The Court's order of October 13, 2015 (DN 164) resolved all issues raised in the Motion with the exception of the following: (1) whether the existing Plaintiffs will be conditionally certified as a class; and (2) whether the court will oversee the provision of notice of this action to potential additional opt-in plaintiffs.  (*See* DN 164 at 3, 5.)  For the following reasons, the Court concludes that conditional class certification is appropriate and that court-supervised notice is not necessary in this case.  As such, the portion of the Motion (DN 161) that remains pending is GRANTED.

### Background

Following a telephonic status conference held on October 8, 2015, the Court ordered Plaintiffs to file a supplemental memorandum providing information in support of the parties' joint request that the existing Plaintiffs be conditionally certified as a class without any further notice being issued to potential additional opt-in plaintiffs.  (DN 164 at 3, 5.)  Plaintiffs complied with the Court's order by filing a supplemental memorandum and supporting affidavit from counsel.  (DN 167, 167-1.)  According to Plaintiffs, the Court should conditionally certify the

proposed class without issuance of court-supervised notice for three reasons: (1) Section 16(b) of the Fair Labor Standards Act ("FLSA") does not require notice as a prerequisite to conditional class certification; (2) potential opt-in plaintiffs have already received effective notice of the existence of this lawsuit; and (3) the unique circumstances surrounding this case indicate that attempts to issue notice to the few potential opt-in plaintiffs who have not yet received notice would likely be inefficient and unsuccessful.  (DN 167.)

## Discussion

### 1. Conditional Certification of FLSA Class

The Sixth Circuit uses a two-step process for certifying collective actions under the FLSA.  At the first stage, "conditional certification," which occurs at the beginning of discovery, "the Court must determine whether notice of the pending action and the opportunity to opt in should be given to potential class members." *Ross v. Jack Rabbit Servs., LLC*, 2014 U.S. Dist. LEXIS 33142, *4 (W.D. Ky. Mar. 14, 2014) (citing *Jones-Turner v. Yellow Enter. Sys., LLC*, 2007 U.S. Dist. LEXIS 79414, *1 (W.D. Ky. Oct. 25, 2007); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, 2007 U.S. Dist. LEXIS 6711, *5 (E.D. Ky. 2007)).  While a plaintiff seeking to certify a collective action bears the burden of establishing that he and the proposed class that he seeks to represent are similarly situated, *Jones-Turner*, 2007 U.S. Dist. LEXIS 79414 at *1, this evidentiary burden is not a heavy one.  *Ross*, 2014 U.S. Dist. LEXIS 33142 at *4; *see id.* at *5 ("[T]he named plaintiff need merely provide a modest factual showing to demonstrate that he is similarly situated to the putative class members.") (citations omitted).[1]

---

[1] The second stage of the class certification process occurs later in the litigation at the conclusion of discovery.  *Id.* at *4 n.1 (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)).

Upon reviewing the Motion and the operative complaint in this action, as well as Plaintiffs' original motion seeking conditional class certification (DN 136), and taking into consideration Defendants lack of opposition at this stage, the Court is satisfied that Plaintiffs have met their burden and made a sufficient factual showing for conditional certification of a collective action. Accordingly, the Court will grant the Motion (DN 161) to the extent that it seeks conditional class certification.[2] The Court notes, however, that Defendants retain their right to move the Court, at a later date, to decertify the conditionally certified collective action.

### 2. Court-Supervised Notice to Putative Class Members

The second issue that requires the Court's attention is whether the Court should oversee notice to potential additional opt-in plaintiffs. The FLSA is "notably silent" on how notification should be given to potential opt-in plaintiffs in a Section 216(b) collective action. *Ross*, 2014 U.S. Dist. LEXIS 33142 at *5. The Supreme Court has hold that court-supervised notice to putative class members is proper in some cases, *see Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989), but district courts have discretion to determine whether such notice is appropriate under the circumstances of a given case. *See Ross*, 2014 U.S. Dist. LEXIS 33142 at *5-6.

In this case, the parties jointly request that the Court permit the case to move forward without taking the time to oversee additional attempted notice to putative class members. Under the *particular circumstances of this case*, the Court concludes that a court-supervised notice

---

[2] The Court notes that a Magistrate Judge has authority to grant conditional class certification in this case. *See Bearden v. AAA Auto Club South, Inc.*, 2013 U.S. Dist. LEXIS 44075, *2 n.2 (W.D. Tenn. Mar. 18, 2013) ("Although the parties have not raised the issue, 'a motion for conditional certification under the FLSA is a nondispositive matter,' and therefore appropriate for a magistrate to decide under 28 U.S.C. § 636(b)(1)(A).") (quoting *Rutledge v. Claypool Elec., Inc.*, 2013 U.S. Dist. LEXIS 15344, *2 (S.D. Ohio Feb. 5, 2013)) (additional citations omitted); *see also Lujan v. Cabana Mgmt.*, 2011 U.S. Dist. LEXIS 9542, *2 n.1 (E.D.N.Y. Feb. 1, 2011) (same) (citing *Patton v. Thompson Corp.*, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005)).

period is not likely to be a fruitful or efficient endeavor. As Plaintiffs note in their supplemental memorandum and as is mentioned above, the FLSA does not mandate court-supervised notice. Moreover, based on the additional details provided by Plaintiffs in their supplemental memorandum, particularly regarding the prospective size of the class and the already high opt-in rate to date, the Court is persuaded that court-supervised notice is unlikely to be effective in reaching many additional potential class members. The Court notes that no current Defendants possess a list of names and contact information for potential class members. The only known entity and individual that may have maintained such information, Shepherd Communications, Inc. and Eric Shepherd, are no longer parties to this case, and the former is no longer in business. The Court is convinced that the high opt-in rate to date, coupled with the very likely difficulties of providing actual notice to any potential plaintiffs who have not been reached thus far, render court-supervised notice unnecessary in this case. Accordingly, the Court will grant the Motion (DN 161) to the extent that it requests that the Court forgo issuance of court-supervised notice to potential additional opt-in plaintiffs.

Accordingly, IT IS HEREBY ORDERED that such portion of Plaintiffs' Unopposed Motion for Procedural Relief (DN 161) that, to date, remain pending is GRANTED.

This action is hereby CONDITIONALLY CERTIFIED as a collective action pursuant to Section 216(b) of the FLSA, with such class defined as the named plaintiffs and all individuals who have opted into this litigation as of the date of entry of this order, including such individuals who were previously compelled to arbitrate their claims.

The Court will NOT ISSUE COURT-SUPERVISED NOTICE to potential additional opt-in plaintiffs for the reasons set forth above.

Finally, the parties shall proceed in accordance with the case management deadlines set in the Court's order of October 13, 2015. (DN 164.)

cc: Counsel of record